UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT JOHNSON, #169321,**

    **Plaintiff,**

                              Civil No: 2:06-CV-15113
                              Honorable George Caram Steeh
                              Magistrate Judge Paul J. Komives

**v.**

**MATT DEMOSS,**

    **Defendant.**

_____

**OPINION & ORDER SUMMARILY DISMISSING
PLAINTIFF'S CIVIL RIGHTS COMPLAINT WITH PREJUDICE**

**I. Introduction**

This matter is before the court on Plaintiff's *pro se,* civil rights complaint pursuant to 42 U.S.C. §1983, filed on November 15, 2006. For the reasons stated below, the court will summarily dismiss the complaint with prejudice.

**II. Statement of Facts**

Plaintiff, is presently confined at Southern Michigan Correction Facility Brooks Correctional Facility in Jackson, Michigan. The only named Defendant in Plaintiff's Complaint is Matt DeMoss who was also an inmate at Southern Michigan Correctional Facility and shared a cell with the Plaintiff. Plaintiff alleges that the Defendant physically and sexually assaulted him. However, Plaintiff further claims that it was the Defendant that reported to prison officials that he had been physically and sexually assaulted by the Plaintiff. As a result, the Plaintiff was disciplined for his alleged sexual misconduct by being placed in segregation and a misconduct report was written about the Plaintiff regarding the matter.

Plaintiff claims that because of Defendant's false charges of physical and sexual abuse allegedly inflicted by the Plaintiff, he has been falsely imprisoned, slandered, and subjected to cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff seeks compensatory damages of $5,000.00, punitive damages of $5,000.00, removal of the incident from his MDOC file, reinstatement of his job assignment at the pay rate he received at the time of his termination along with back pay, and reimbursement for costs associated with filing this Complaint.

### III. Discussion

For a plaintiff to assert a claim under § 1983, "a plaintiff must allege the deprivation of a constitutional right caused by a person acting under [the] color of state law." *Bell v. Ohio State University*, 351 F.3d 240, 248 (6th Cir.2003)(citing *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir.1998)). In particular, the Plaintiff in this case must state a claim that the Defendant violated his procedural or substantive due process rights under the Fourteenth Amendment or under the Eighth Amendment. *Bell v. Ohio State University*, 351 F.3d at 248-52. However, the Court need not analyze these substantive issues and potential violations in the context of the instant matter for the reasons that follow.

Plaintiff cannot sue Defendant, Matt DeMoss, under 42 U.S.C. § 1983, which encompasses violations of the federal Constitution or federal law by individuals acting under color of state law. "A §1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir.1999). Thus, "[i]n order to be subject to suit under [a] §1983 claim, [D]efendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir.1997). Defendant in this case was Plaintiff's cell mate; and the Complaint provides no basis for state action in the conduct of the Defendant in this matter. When a plaintiff completely fails to allege any action

by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir.1985).

Plaintiff briefly discusses two corrections officers in his statement of facts, Sergeant Hill and Officer Wallace. Sergeant Hill was the individual who the Defendant reported Plaintiff's alleged sexual misconduct to and who he holds responsible for the discipline to which he was subjected. Plaintiff also seeks $5,000.00 from Sergeant Hill in compensatory and punitive damages. Plaintiff accuses Officer Wallace of failing to properly secure $250.00 worth of Plaintiff's property which Plaintiff alleges was either stolen or destroyed while Plaintiff was in segregation. However, Plaintiff does not name either of these corrections officers as party Defendants in this matter. Moreover, for the party Defendant that Plaintiff does name, Matt DeMoss, no address information was provided to the Court for proper service, as Plaintiff filed an application to proceed without prepayment of fees and costs. Plaintiff asserts that he has no knowledge of where Defendant presently resides.

## IV. Conclusion

Accordingly, the Court DISMISSES Plaintiff's Complaint as to Defendant, Matt DeMoss, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

IT IS ORDERED that Plaintiff's Complaint [Doc. 1-1, filed November 15, 2006] is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that "Plaintiff's Application to Proceed without Prepayment of Fees" [Doc. 1-2, filed November 15, 2006] is **DENIED** as moot.

Dated: January 10, 2007                     S/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

3

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 10, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk